UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEVEN D. COLLYMORE, <br> Plaintiff, <br> v. <br> COMMONWEALTH OF MASSACHUSETTS, <br> AND COURT OFFICER TOM DONOVAN, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. <br> 18-11215-LTS |

## MEMORANDUM AND ORDER

**SOROKIN, D. J.**

For the reasons stated below, the Court will allow the motion to proceed *in forma pauperis*, assess an initial filing fee, dismiss without prejudice certain claims against the Commonwealth of Massachusetts and official capacity claims against Tom Donovan, and issue summons as to defendant Tom Donovan.

**I.    Background**

On June 11, 2018, *pro se* prisoner plaintiff, Steven D. Collymore filed this action against the Commonwealth of Massachusetts and Court Officer Tom Donovan. Collymore claims that he was verbally harassed and physically assaulted by Court Officer Tom Donovan on May 18, 2018 while being escorted to the lockup after a hearing in state court. Pending before the Court is plaintiff's renewed motion to proceed *in forma pauperis*.

**II.    Discussion**

    **A.    Plaintiff's Renewed Motion for Leave to File In Forma Pauperis**

Plaintiff's renewed motion for leave to proceed *in forma pauperis* (ECF No. 7) is hereby ALLOWED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of

$84.60.[1] The remainder of the fee, $265.40, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the Treasurer's Office at the Suffolk County House of Correction, along with the standard Notice to Prison form.

### B.    Preliminary Screening of the Complaint

Because plaintiff is a prisoner and proceeding *in forma pauperis*, his complaint is subject to screening pursuant to 28 U.S.C. § 1915 and §1915A, and is construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000). Plaintiff's claims for monetary damages against the Commonwealth of Massachusetts and the defendant Donovan in his official capacity fail to state a claim upon which relief can be granted. "'[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment'" to the United States Constitution. Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014)(quoting Edelman v. Jordan, 415 U.S. 651, 663 (1974). "This is true whether the named defendant is the state itself or… a state official in her official capacity." Id. Moreover, the Commonwealth has not consented to suit under 42 U.S.C. §1983 in its own or the federal courts, see Woodbridge v. Worcester State Hosp., 384 Mass. 38, 44–45 (1981), and Section 1983 does not abrogate a state's immunity from suit in federal court. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect...."). Under the statute, the Commonwealth of Massachusetts and Donovan in their official capacities are not persons pursuant to 42 U.S.C. §1983. The Eleventh Amendment does not, however, bar actions for damages against Donovan in his individual capacity. Accordingly, all claims for monetary

---

[1] The calculation was made by taking the prison account history available, 3 months' prior to the filing of the complaint.

damages against the Commonwealth of Massachusetts and Tom Donovan in his official capacity are <u>DISMISSED</u> without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(iii).

### III.     Conclusion and Order

Based on the foregoing, it is hereby Ordered that:

1.     Plaintiff's renewed Motion for Leave to Proceed *in forma pauperis* (ECF No. 8) is <u>ALLOWED</u>. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $84.60. The remainder of the fee, $265.40, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the Treasurer's Office at the Suffolk County House of Correction, along with the standard Notice to Prison form.

2.     All claims against the Commonwealth of Massachusetts and official capacity claims against Donovan are hereby <u>DISMISSED</u> without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(iii).

3.     The Clerk shall issue a summons for service of the complaint on defendant Tom Donovan. The Clerk shall send the summons, complaint, and this Order to the plaintiff, who must thereafter serve the defendant in accordance with Federal Rule of Civil Procedure 4(m). Plaintiff may elect to have service made by the United States Marshals Service. If directed by the plaintiff to do so, the United States Marshals Service shall serve the summons, complaint, and this Order upon the defendant, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. Notwithstanding this Order to the United States Marshal Service, it remains plaintiff's responsibility to provide the United States Marshal Service with all necessary paperwork and service information. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the

plaintiff shall have 90 days from the date of this Order to complete service.

**SO ORDERED.**


Dated: July 18, 2018
                                  /s/ Leo T. Sorokin
                               UNITED STATES DISTRICT JUDGE